UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK
---------------------------------X---------------------------

MARVILIN WHITE
                Plaintiff(s),

                                            CASE No.: 1:08-cv-01215-RJD-JO

   -against-

                                            **CIVIL ACTION**

                                            **AMENDED COMPLAINT**

THE CITY OF NEW YORK,
P.O. DeAngelo Jones Shield No. 02393
P.O. Manuel Velazquez Shield No. 24223         PLAINTIFF(S) DEMAND
                                            TRIAL BY JURY
                Defendant(s).

---------------------------------X---------------------------

      TAKE NOTICE, the plaintiff, MARVILIN WHITE (hereinafter, "Plaintiff"), hereby appears in this action by his/her attorney, The Law Office of Paul Hale Esq., and demands that all papers be served upon him/her, at the address below, in this matter.

      Plaintiff, by his/her attorney, Paul Hale Esq., complaining of the defendants, The City of New York, The New York City Police Department, Patrol Officers "Jane Does" and "John Does" collectively referred to as the defendants, upon information and belief alleges as follows:

## NATURE OF THE ACTION

1.    This is an action at law to redress the deprivation of rights secured to the plaintiff under color of statute, ordinance, regulation, custom, and or to redress the deprivation of rights, privileges, and immunities secured to the plaintiff by the Fourth, Eighth and Fourteenth Amendments to the Constitution of the United States, and by Title 42 U.S.C. § 1983 [and § 1985], [and arising under the law and statutes of the State of New York].

2.    This is an action to further seek compensation for the serious and permanent personal injuries sustained by the plaintiff, as a result of the negligence of the defendants, perpetrated while said defendant police officers were in the process of illegally and unlawfully arresting plaintiff and while plaintiff was being illegally held by defendants.

## JURISDICTION

3.    The jurisdiction of this Court is invoked under 28 U.S.C. §1343(3), this being an action authorized by law to redress the deprivation of rights secured under color of state and city law, statute, ordinance, regulation, custom and usage of a right, privilege and immunity secured to the

plaintiff by the Fourteenth Amendment to the Constitution of the United States.  Jurisdiction of this court exists pursuant to 42 USC §1983 and under the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution.

4. All causes of action not relying exclusively on the aforementioned federal causes of action as a basis of this Court's jurisdiction are based on the Court's supplemental jurisdiction pursuant to 28 U.S.C. §1367 to hear state law causes of action. The events, parties, transactions, and injuries that form the basis of plaintiff's federal claims are identical to the events, parties, transactions, and injuries that form the basis of plaintiff's claims under applicable State and City laws.

5. As the deprivation of rights complained of herein occurred within the Eastern District of New York, venue is proper in this district pursuant to 28 U.S.C. §§1391 (b) and (c).

## PARTIES

6. Plaintiff resides in Brooklyn, New York and is a resident of the State of New York.

7. Defendant Police Officers are, and at all times relevant to this action were, officers of the City of New York Police Department and acting under color of state law. Said officers are being sued in both their individual and official capacities.

8. Defendants P.O. DeAngelo Jones Shield No. 02393 and P.O. Manuel Velazquez Shield No. 24223 are police officers for the City of New York, acting under color of state law.  They are being sued in both their individual and official capacity.

9. The defendant, City of New York is a municipality in the State of New York and employs the defendant Police Officers.

## FACTUAL ALLEGATIONS COMMON TO ALL CAUSES OF ACTION

10. On or about August 11th, 2007 while Plaintiff was in her home at 902 Drew St. Apt. 143, Brooklyn, NY 11208, she was sexually assaulted by JC JAMES (hereinafter, "JC").

11. Plaintiff was then held overnight against her will by JC.

12. Throughout the night Plaintiff was threatened, beat, bitten and sexually penetrated by JC.

13. On or about August 12th, 2007 at 2:30 PM Plaintiff escaped her apartment and asked her neighbor to call 911 to report that Plaintiff had been raped by JC.

14. JC overheard that the police were coming and then called 911 himself to report that his wallet was stolen by Plaintiff.

15. Between the time 911 was first called and the arrival of police was approximately 20 minutes.

16.     During the wait, JC would not permit Plaintiff to return inside her apartment - consequently, she was wearing only her night shirt and sleeping attire when the police finally arrived.

17.     Once the police arrived, JC spoke with the officers first.

18.     Officers then told Plaintiff that JC claimed she had taken his wallet.

19.     The officers then told Plaintiff that if she gave the wallet back they would leave her alone.

20.     Plaintiff told the officers that she had been raped the night before and that she was the one who made the 911 call.

21.     The officer told her to answer his questions, and Plaintiff responded that she did not have JC's wallet.

22.     The police officer then went back to talk to JC.

23.     At this point Plaintiff started to cry.

24.     The officer asked her why she was crying and then she explained further that she had been raped last night.

25.     The officer asked her at what time she was raped.

26.     Plaintiff responded that it was around 1:30 AM.

27.     The officer then asked her in a belligerent manner, "Were you raped last night or this morning?"

28.     Plaintiff then told him this morning.

29.     Upon hearing this, the officer snickered and said "Which one is it?"

30.     Plaintiff then pointed to the police car and asked the officer, "Aren't you supposed to be offering courtesy, professionalism, and respect?"

31.     Plaintiff then asked to speak with another officer or supervisor.

32.     The officer stated, "Ma'am you don't want to talk to my supervisor."

33.     Plaintiff responded, "Yes, I do."

34.     The officer radioed back to police dispatch and shortly thereafter the supervisor/sergeant

arrived in a squad car.

35.     Once the sergeant arrived he began to question the Plaintiff about JC's wallet.

36.     At some point the sergeant told Plaintiff "If you just give back his wallet we can all go home."

37.     She responded, "I'm in my bath robe, do you see anyplace I could keep his wallet?  He is only saying that because I called 911 about being raped."

38.     Plaintiff then started to weep.

39.     The sergeant shrugged, giggled and said, "Let's take them both."

40.     Plaintiff was then placed under arrest.

41.     Plaintiff was then transported to Brookdale Hospital in handcuffs.

42.     Hospital staff administered a "rape kit."

43.     A hospital social worker then spoke with Plaintiff.

44.     After several hours, Plaintiff was transported to the 75th precinct in handcuffs.

45.     From the 75th precinct Plaintiff was transported to Kings County Criminal Court.

46.     Plaintiff saw a Judge and was represented by a legal aid attorney.

47.     Plaintiff was released on her on recognizance on 8/12/2007.

48.     All charges were dropped against Plaintiff on 11/15/2007.

49.     At no time during the events described above, was the plaintiff intoxicated, incapacitated, a threat to him/herself or others, or disorderly.

50.     At no time during the events described above, had plaintiff committed any criminal offence.

51.     Plaintiff was arrested, and detained without a warrant or probable cause.

52.     The unlawful arrest of plaintiff and plaintiff's wrongful imprisonment without any legitimate cause or justification, was intentional, malicious, negligent, reckless and in bad faith.

53.     As a direct and proximate result of defendants' actions, plaintiff suffered and continues to suffer injuries, including but not limited to emotional distress, nightmares, severe depression, panic attacks, mental anguish, psychological, and emotional distress, as well as, physical pain

and suffering some or all of which may be permanent.

54.     As a direct and proximate result of his/her unlawful detention, assault, and confinement, plaintiff has lived in terror of the attack, is fearful of going outside and when he sees the police, suffers various emotional attacks, and has been unable to function normally which has caused a severe strain and breakdown in his/her personal relationships, in and outside of his/her home.

55.     As a direct and proximate result of defendants' actions, plaintiff were deprived of rights, privileges and immunities under the Fourth, Eighth and Fourteenth Amendments to the United States Constitution and the laws of the City of New York and the State of New York.

56.     Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to properly sanction or discipline police officers including the defendants in this case, for violations of the constitutional rights of citizens, thereby causing police officers including defendants in this case, to engage in unlawful conduct.

57.     Defendant City of New York, as a matter of policy and practice, has with deliberate indifference failed to sanction or discipline police officers including the defendants in this case, who are aware of and subsequently conceal violations of the constitutional rights of citizens by other police officers thereby causing and encouraging police officers including defendants in this case, to engage in unlawful conduct.

58.     The actions of defendants, acting under color of State law, deprived plaintiff of rights, privileges and immunities under the laws and Constitution of the United States; in particular, the rights to be secure in their person and property, to be free from the excessive use of force and from malicious prosecution, abuse of process, and the right to due process.

59.     By these actions, defendants have deprived plaintiff of rights secured by the Fourth, Eighth, and Fourteenth Amendments to the United States Constitution, in violation of 42 U.S.C. Section 1983.

60.     A written claim was filed within 90 days of the incident upon the City of New York, and at least thirty-days have elapsed since the service of the Notice of Claim and the adjustment or the payment of the claim has been neglected or refused.

61.     This action has been commenced within one year and ninety days after the happening of the event upon which the claim is based.

## AS A FIRST CAUSE OF ACTION:

42 U.S.C Section 1983-against Defendant Officers

62.     Plaintiff hereby restates all paragraphs above, as though fully set forth below.

63.     By arresting and detaining plaintiff without justification, probable cause or reasonable suspicion, the officer defendants, deprived plaintiff of rights, remedies, privileges, and

immunities guaranteed to every citizen of the United States, in violation of 42 U.S.C. Section 1983, including, but not limited to, rights guaranteed by the Fourth, Eighth and Fourteenth Amendments of the United States Constitution.

64.     In addition, the Defendant officers conspired among themselves to deprive plaintiff of constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to United States Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

65.     The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD. Said acts by the defendants officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of constitutional rights secured by 42 U.S.C. Section 1983, and by the Fourth, Eighth and Fourteenth Amendments to the United States Constitution.

66.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein before stated.

## AS A SECOND CAUSE OF ACTION:

New York State Constitution, Art. 1 Section 12

67.     Plaintiff hereby restates all paragraphs above, as though fully set forth below.

68.     By arresting and detaining plaintiff without justification, without probable cause or reasonable suspicion, the defendant officers deprived plaintiff of rights, remedies, privileges, and immunities guaranteed to every New Yorker by Article 1, Section 12 of the New York Constitution.

69.     In addition, the defendant officers conspired among themselves to deprive plaintiff of constitutional rights secured by Article 1, Section 12 of the New York Constitution, and took numerous overt steps in furtherance of such conspiracy, as set forth above.

70.     The defendant officers acted under pretense and color of state law and in their individual and official capacities and within the scope of their respective employment as NYPD. Said acts by the defendant officers were beyond the scope of their jurisdiction, without authority of law, and in abuse of their powers, and said defendants acted willfully, knowingly, and with the specific intent to deprive the plaintiff of constitutional rights secured by Article 1, Section 12 of the New York Constitution.

71.     Defendants, their officers, attorneys, agents, servants and employees were responsible for plaintiff's deprivation of state constitutional rights.  Defendant City, as employer of each of the Officer Defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

72.     As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A THIRD CAUSE OF ACTION:

Assault and Battery--all defendants

73.     Plaintiff hereby restates all paragraphs above, as though fully set forth below.

74.     In physically assaulting, handcuffing, shoving, threatening, and intimidating plaintiff, the defendant officers, acting in their capacities as NYPD officers, and within the scope of their employment, each committed a willful, unlawful, unwarranted, and intentional assault and battery upon plaintiff(s).

75.     As a direct and proximate result of the misconduct and abuse of authority detained above, plaintiff sustained the damages hereinbefore stated.

## AS A FOURTH CAUSE OF ACTION:

False Arrest, False Imprisonment and Malicious Prosecution--all defendants

76.     Plaintiff hereby restates all paragraphs above, as though fully set forth below.

77.     The Defendant Officers wrongfully and illegally detained, and imprisoned the plaintiff.

78.     The wrongful arrest and imprisonment of the plaintiff was carried out without a valid warrant, without plaintiff's consent, and without probable cause or reasonable suspicion.

79.     During this period, the plaintiff was unlawfully and wrongfully harassed, detained, injured, and threatened.

80.     Throughout this period, the plaintiff was unlawfully, wrongfully, and unjustifiably detained, deprived of their liberty, and imprisoned.

81.     All of the foregoing occurred without any fault or provocation on the part of the plaintiff.

82.     All charges were dismissed on 11/15/2007.

83.     Defendants, their officers, agents, servants, and employees were responsible for plaintiff's detention and imprisonment during this period of time. Defendant City of New York, as employer of the Officer defendants, is responsible for their wrongdoing under the doctrine of respondeat superior.

84.     The defendants Officers acted with a knowing, willful, wanton, grossly reckless, unlawful, unreasonable, unconscionable, and flagrant disregard of the plaintiff's rights, privileges, welfare, and well-being and are guilty of egregious and gross misconduct toward

plaintiff.

85. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS FOR A FIFTH CAUSE OF ACTION:

Intentional Infliction of Emotional Distress-all Defendants

86. Plaintiff hereby restates all paragraphs above, as though fully set forth below.

87. The defendants officers engaged in extreme and outrageous conduct, intentionally and recklessly causing severe emotional distress to plaintiff.

88. Plaintiff's emotional distress has damaged their personal and professional life because of the severe mental pain and anguish which were inflicted through deliberate and malicious detention and imprisonment by the defendants officers.

89. Defendants, their officers, agents servants, and employees were responsible for the intentional infliction of emotional distress suffered by the plaintiff at the hands of the defendant officers, defendant City of New York, as employer of the officers, is responsible for their wrongdoing under the doctrine of respondeat superior.

90. As a direct and proximate result of the misconduct and abuse of authority detailed above, plaintiff sustained the damages herein-before stated.

## AS A SIXTH CAUSE OF ACTION:

Negligent and Retention of Employment Services-against defendant City of New York.

91. Plaintiff hereby restates all paragraphs above, as though fully set forth below.

92. Upon information and belief, defendant City of New York, through the NYPD, owed a duty of care to plaintiff to prevent the physical and mental abuse sustained by plaintiff.

93. Upon information and belief, defendant City of New York, through the NYPD owed a duty of care to plaintiff because under the same or similar circumstances a reasonable, prudent and careful person should have anticipated that an injury to plaintiff or to those in a like situation would probably result from this conduct.

94. Upon information and belief, defendant City of New York, knew or should have known through the exercise of reasonable diligence that the officers defendants were not prudent and were potentially dangerous.

95. Upon information and belief, defendant City of New York, negligence in hiring and retaining the officers defendants proximately caused plaintiff's injuries.

96.     Upon information and belief, because of the defendant City of New York's, negligent hiring and retention of the aforementioned officer defendants, plaintiff incurred significant and lasting injuries.

### AS A SEVENTH CAUSE OF ACTION:

Negligence against all defendants.

97.     Plaintiff hereby restates all paragraphs above, as though fully set forth below.

98.     As a direct and proximate result of the negligent acts of all the defendants, City of New York as set forth herein, plaintiff suffered, conscious pain and suffering, medical expenses, lost wages, and severe mental anguish.

99.     That by reason of the said negligence, plaintiff suffered and still suffers bodily injuries, became sick, sore, lame and disabled and has remained sick, sore, lame and disabled since the aforesaid incident; have suffered great pain, agony and mental anguish and is informed and verily believes that they will continue to suffer for a long time to come and that said injuries are permanent; have suffered economic loss inasmuch as they was forced to, and are still forced to expend sums of money on medical treatment; that they were deprived of their pursuits and interests and verily believes that in the future he will continue to be deprived of such pursuits; and that said injuries are permanent.

100.    This action falls within one or more of the exceptions of the New York State Civil Practice Law and Rules §1602.

**WHEREFORE,** plaintiff respectfully requests judgment against the defendants as follows:

1.      On the First Cause of Action against all the defendants, compensatory and punitive damages in an amount to be determined at trial, and reasonable attorneys' fees and costs under 42 U.S.C. Section 1988;

2.      On the Second Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, and punitive damages against the officer defendants in an amount to be determined at trial;

3.      On the Third Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against the officer defendants in an amount to be determined at trial;

4.      On the Fourth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against the officer defendants in an amount to be determined at trial;

5.      On the Fifth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against the officer defendants in an amount to be determined at trial;

6.      On the Sixth Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against the officer defendants in an amount to be determined at trial;

7.      On the Seventh Cause of Action, against all defendants, compensatory damages in an amount to be determined at trial, punitive damages against the officer defendants in an amount to be determined at trial.

8.      Such other and further relief as this Court may deem necessary in the interest of justice.


Dated:
September 18th, 2008
Brooklyn, New York

                              Respectfully Submitted

_____

By:     PAUL HALE Esq.
26 Court Street, Suite 1901
Brooklyn, New York 11242
Tel. No.        : (718) 554-7344
Fax No.         : (718) 679-9801